UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:10-00213 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| LAQUESIA LONDON | ) | |

ORDER

Pending before the Court are the Defendant's Petition To Terminate Supervised Release (Docket No. 39), and the Government's Response thereto (Docket No. 41). Through the Petition, the Defendant requests that the Court terminate the remaining 17 months of her 36-month term of supervised release, because she has been fully employed since her release, has regained custody of her children, has satisfied child support obligations, and has kept a virtually clean record. In its Response, the Government indicates that it does not oppose the Defendant's request.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v. Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

Having considered these factors, the Court concludes that the Defendant's conduct, and the interest of justice warrant early termination of supervised release in this case. Accordingly, the request is GRANTED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.